OPINION
{¶ 1} Appellant, David Harrington, challenges the twenty consecutive one-year sentences imposed by the Trumbull County Court of Common Pleas for his convictions on twenty counts of sexual battery, felonies of the third degree.
 {¶ 2} On October 28, 2002, appellant entered a plea of guilty to twenty counts of sexual battery, of the third degree. Thirteen of the counts were charged as violations of R.C. 2907.03(A)(5), i.e., sexual conduct with a person's natural child. The remaining seven counts were charged as violations of R.C. 2907.03(A)(1), i.e., sexual conduct while the offender knowingly coerces the other party to submit by any means that would prevent resistance by a person of ordinary resolution.
 {¶ 3} A pre-sentence investigation report was ordered and appellant appeared for sentencing on November 7, 2002. Prior to sentencing, the court conducted a sexual predator hearing wherein appellant was labeled a sexual predator. During the sexual predator hearing, the court was formally notified, inter alia, that appellant had been previously convicted of sexual imposition in 1983.
 {¶ 4} During the sentencing hearing, appellant's brother and sister petitioned the court for leniency underscoring the fact that the siblings were abused as children and, although children's services was notified of the abuse, the agency did nothing. Alternatively, appellant's son, one of the victims in the case, and appellant's wife made statements as to why appellant's sentence should be harsher.
 {¶ 5} The state recommended an aggregate sentence of twenty years incarceration while appellant's counsel requested sentencing with an aggregate term of five, six, seven, or eight years. The court accepted the state's recommendation and sentenced appellant to twenty consecutive one-year prison terms. Appellant now appeals.
 {¶ 6} In his sole assignment of error, appellant contends the lower court erred when it sentenced him to twenty consecutive one-year terms without following the requisite statutory factors set forth in R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c). For the following reasons, we agree.
 {¶ 7} When reviewing a felony sentence, an appellate court engages in a de novo review in order to determine whether the trial court fully complied with the relevant statutes. State v.South (June 23, 2000), 11th Dist. No. 98-P-0050, 2000 Ohio App. LEXIS 2768, at 5. This court will not disturb a sentence unless we find, by clear and convincing evidence that the record does not support the sentencing court's findings or the sentence is otherwise contrary to law. State v. Caldwell, 11th Dist. No. 2002-L-142, 2003-Ohio-6964, at ¶ 9. Clear and convincing evidence is that quantum of proof which will produce in the mind of the trier of fact a firm belief regarding the facts sought to be established. State v. Bradford (June 1, 2001), 11th Dist. No. 2000-L-103, 2001 WL 589271, at 1.
 {¶ 8} A court may not impose consecutive sentences for multiple offenses unless its findings include three statutory factors: First, the court must find that consecutive sentences are necessary to protect the public from future crime or punish the offender. R.C. 2929.14(E)(4). Next, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the court must find the existence of one of the enumerated factors set forth under R.C. 2929.14(E)(4)(a) through (c). These enumerated circumstances are as follows:
 {¶ 9} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 10} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 11} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C.2929.14(E)(4)(a) — (c).
 {¶ 12} Furthermore, if a court imposes consecutive sentence for multiple offenses under the statute detailed supra, it must also "make a finding that gives * * * its reasons for imposing the consecutive sentences." R.C. 2929.19(B)(2)(c). "Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." State v. Comer,2003 Ohio 4165, 99 Ohio St.3d 463, paragraph one of the syllabus.
 {¶ 13} In the current matter, appellant asserts that the trial court merely recited the statutory language of R.C.2929.14(E)(4) in its judgment entry without developing the underlying facts as they relate to the statutory factors. See R.C. 2929.19(B)(2)(c). Appellant's assessment of the judgment entry is accurate. More importantly, however, the trial court neither clearly set forth its R.C. 2929.14(E)(4) findings nor provided supportive reasons for said findings at the sentencing hearing pursuant to R.C. 2929.19(B)(2)(c) as mandated by Comer.
Id. at paragraph one of the syllabus.
 {¶ 14} During its November 7, 2002 proceedings, the lower court conducted appellant's joint sexual predator and sentencing hearing. After determining that appellant was a sexual predator, the prosecutor recommended a twenty year term of incarceration. Prior to sentencing appellant, the court stated:
 {¶ 15} "The court sees this type of case all the time, and it's inexplicable to most people as to why these things happen. * * * The emotional scars that something of this nature leaves on the entire family is just probably, as the wife says here, irreversible. This is just so condemned by our entire culture both secular and religious."
 {¶ 16} The court subsequently accepted the prosecutor's recommendation by sentencing appellant to twenty consecutive one-year sentences. The court then added:
 {¶ 17} "The court cannot overlook the seriousness of this and from the report as well as what the family has said here as to the monumental effect this has had on everyone, and the Court feels that that sentence is appropriate for the facts in this particular case.
 {¶ 18} "* * *
 {¶ 19} "I have had counsel give me the section here I was trying to stumble through. The Court finds that the consecutive sentences are necessary to protect the public from future crime and to punish the offender and the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court further finds the offender committed one or more multiple offenses as the facts indicated as given by Mr. Wrenn. There's a prior history of similar conduct. To give anything less, I think, would demean the seriousness of the offense involved here. That is the sentence of the Court. Thank you."
 {¶ 20} As the preceding paragraph demonstrates, the court effectively mimics R.C. 2929.14(E)(4) with respect to the two initial statutory factors. The court also attempts to parrot the requisite statutory language of both R.C. 2929.14(E)(4)(b) and R.C. 2929.14(E)(4)(c). Were a hollow statement of the requisite statutory findings sufficient, the court's colloquy may have been adequate. However, pursuant to Comer, not only must a court set forth each factor, it must "clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." Id. at 468; R.C. 2929.19(B)(2)(c). Such justifications are necessary when conducting a felony sentencing exercise to preserve a meaningful review of the sentencing decision. Id.
 {¶ 21} Under the circumstances, the trial court failed to offer reasons to support its statutory findings as required by R.C. 2929.19(B)(2)(c). In particular, the court failed to justify its findings that consecutive sentences are necessary to protect the public from future crime or punish the offender. Moreover, the court failed to discuss why the imposition of consecutive sentences was not disproportionate to the seriousness of the offenders conduct and to the danger the offender poses to the public.
 {¶ 22} Finally, the court made ostensible findings under R.C.2929.14(E)(4)(b) and (c). With respect to the former, however, the mere statement that appellant "* * * committed one or more multiple offenses as the facts indicated by Mr. Wrenn" does not meet the dictates of R.C. 2929.14(E)(4)(b): The prosecutor's discussion of appellant's past offenses is not a meaningful substitute for the court's findings and reasons.
 {¶ 23} Moreover, if the court intended to make a finding under R.C. 2929.14(E)(4)(b), it was also required to find that "* * * the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed * * * adequately reflects the seriousness of the offender's conduct." The court stated that the conduct in question caused "emotional scars" and is "condemned by our entire culture both secular and religious." Such comments, although relevant to the court's justification, do not demonstrate how the harm caused by the offenses was so great or unusual to merit consecutive sentences.
 {¶ 24} For instance, incestuous sexual battery is the base charge for thirteen of the twenty counts charged. We do not disagree with the trial court's conclusions that incest has horrific effects and is subject to widespread social disapprobation. However, such assessments are descriptive of the nature of incest which, under the circumstances, is an element of the crime itself. As such, focusing on the facts that incest causes long-term problems and violates cultural mores simply reiterates that incest, itself, is an unacceptable practice subject to widespread disapproval. Therefore, the fact that the sexual battery involved incest, which is culturally decried and, by its very commission, affects psychological damage, does not, without more, demonstrate that the offenses were so great or unusual, as compared to other crimes of incest, to merit consecutive sentences. See, e.g., State v. Brown, 11th Dist. No. 2003-G-2504, 2004 Ohio 1843, ¶ 32.
 {¶ 25} Furthermore, pursuant to R.C. 2929.14(E)(4)(c), the court must find that the offender's past criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. The mere reference to appellant's prior offenses is insufficient for a R.C.2929.14(E)(4)(c) finding; further, even if this finding was adequate, the lower court failed to connect the facts to the enumerated statutory factor as mandated by R.C. 2929.19(B)(2)(c).
 {¶ 26} In sum, appellant's sole assignment of error has merit. On remand the court should comport with Comer which dictates that the trial court, when imposing consecutive sentences, shall make the statutorily enumerated findings and give its reasons supporting those findings at the sentencing hearing. Id. at 468.
 {¶ 27} For the foregoing reasons, appellant's sole assignment of error is sustained and the sentence of the Trumbull County Court of Common Pleas is hereby reversed and this matter is remanded for proceedings consistent with this opinion.
Ford, P.J., Christley, J., concur.