DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the Lucas County Court of Common Pleas' judgment entry on resentencing, journalized on May 14, 2004. Upon consideration of the assignments of error, we affirm in part and reverse in part.
{¶ 2} Appellant, Harvey Townsend, was convicted on August 31, 2001, of three counts of drug trafficking, violations of R.C. 2925.03(A) and (C)(4)(e), each a felony of the first degree, one count of possession of crack cocaine, a violation of R.C. 2925.11(A) and (C)(4)(e), a felony of the first degree, and one count of felonious assault, a violation of R.C. 2903.11(A)(2), a felony of the first degree.
{¶ 3} This court upheld appellant's convictions in State v. Townsend
(Apr. 12, 2002), 6th Dist. L-00-1290; however, we reversed the trial court's sentence and remanded for resentencing. In vacating appellant's sentence, we held that the trial court failed to make the necessary findings, pursuant to R.C. 2929.14(B), when imposing a sentence greater than the minimum sentence allowable, and, with respect to ordering consecutive sentences, we held that the trial court failed to make the findings required by R.C. 2929.14(E)(4) and failed to state its reasons for imposing consecutive sentences, as required by R.C. 2929.19(B)(2).
{¶ 4} Upon remand, the trial court held an additional sentencing hearing and, on June 28, 2002, ordered appellant to serve a term of four years in prison, as to each count. The trafficking and possession convictions were ordered to be served concurrently to each other; whereas, the felonious assault conviction was to be served consecutively to the trafficking and possession convictions. As such, appellant was sentenced to a total of eight years in prison, four of which, the trial court held, was a mandatory term pursuant to R.C. 2929.13(F), 2929.14(D)(3) or R.C. Chapter 2925.
{¶ 5} In imposing a sentence greater than the minimum, in accordance with R.C. 2929.14(B), the trial court found in its judgment entry that "the shortest prison term
{¶ 6} [would] demean the seriousness of the offender's conduct and [would] not adequately protect the public." Additionally, with respect to the imposition of consecutive sentences, the trial court found that such was "necessary to fulfill the purposes of R.C. 2929.11, and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses." The court further found that "the harm caused was great or unusual and that the defendant's criminal history required consecutive sentences."
{¶ 7} Following resentencing, this court upheld the trial court's order in State v. Townsend, 6th Dist. No. L-02-1232, 2003-Ohio-2913. In affirming, we held that the trial court made the necessary findings, as required by R.C. 2929.14(B), when imposing a sentence greater than the minimum allowable, that, with respect to ordering consecutive sentences, the trial court made the necessary findings pursuant to R.C. 2929.14(E) and R.C. 2929.19(B)(2), and that appellant's sentence was not contrary to the purposes and principles of sentencing under Ohio law requiring proportionality and consistency in sentencing.
{¶ 8} Subsequent to this court's decision, the Ohio Supreme Court, allowing appellant's discretionary appeal, reversed and remanded the case to the trial court in accordance with State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165.
{¶ 9} On May 14, 2004, the Lucas County Court of Common Pleas held a third sentencing hearing and ordered appellant to serve a term of three years in prison as to the three counts of drug trafficking and one count of possession and a term of four years as to the count of felonious assault. The trial court ordered the trafficking and possession convictions to be served concurrently as to each other, while the felonious assault conviction to be served consecutively to the trafficking and possession convictions.
{¶ 10} In imposing a sentence greater than the minimum the trial court found, pursuant to Comer and R.C. 2929.14(B), that "the shortest term possible will demean the seriousness and [sic] of the offense and will not adequately protect the public." As to the imposition of consecutive sentences the trial court found such was "necessary to fulfill the purposes of Section 2929.11 and is not disproportionate to the seriousness of the offender's conduct or the danger — and the danger the defendant imposes." The trial court also found that "the harm caused was great or unusual because the defendant purposely drove — he tried to run down a uniformed officer with a SUV."
{¶ 11} Appellant timely appealed his sentence and sets forth the following assignments of error:
{¶ 12} "I. The record does not contain facts or evidence to support not sentencing appellant to the shortest term as to Count 6 (felonious assault)."
{¶ 13} "II. The lower court failed to give the required notice and adequate reasons prior to imposing consecutive sentences."
{¶ 14} In his first assignment of error, appellant asserts that the record does not contain facts or evidence to support not sentencing appellant to the shortest possible term. Appellant was sentenced to four years imprisonment for felonious assault, a first-degree felony. R.C.2929.14(A)(1) provides, "for a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine or ten years."
{¶ 15} Pursuant to State v. Comer, supra, when imposing sentence, a trial court must first consider the factors set forth in R.C. 2929.12(B) and (C) to determine how to accomplish the overriding purposes of felony sentencing embraced in R.C. 2929.11. The trial court stated at the sentencing hearing that it had considered "the principles and purposes of sentencing" and "balanced the seriousness and recidivism factors."
{¶ 16} Additionally, R.C. 2929.14(B) provides that the trial court must impose the minimum sentence on an offender who has not previously served a prison term, unless the court finds one of the following on the record:
{¶ 17} 1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
{¶ 18} 2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
{¶ 19} The Supreme Court of Ohio held that, "pursuant to R.C.2929.14(B), when imposing a non-minimum sentence on a first time offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing." State v. Comer,
supra. The trial court is not required to give specific reasons for its finding pursuant to R.C. 2929.14(B)(2). Id., at n. 2, citing State v.Edmonson (1999), 86 Ohio St.3d 324.
{¶ 20} In this case, as set forth above, the trial court stated at the sentencing hearing that it considered the principles and purposes of sentencing and balanced them against the seriousness and recidivism factors. Thereafter, the court found, both on the record and in its sentencing judgment entry, pursuant to R.C. 2929.14(B)(2), that "the shortest prison term possible will demean the seriousness of the offense and will not adequately protect the public."
{¶ 21} Upon consideration of the foregoing, we find the trial court did not err by sentencing appellant to more than the minimum allowable term for the offense. Appellant's first assignment of error is not well-taken.
{¶ 22} In his second assignment of error appellant contends that the trial court failed to make the necessary findings when imposing consecutive sentences. The state concedes this matter, setting forth in its notice of intention not to file a response brief that "the trial court did not expressly find that its imposition of consecutive sentences was `necessary to protect the public from future crime or to punish the offender'" as necessitated by Comer, supra.
{¶ 23} Because strict technical compliance with R.C. 2929.14(E)(4) is required by Comer, supra, for imposition of consecutive sentences, we must reverse the sentence imposed in this case and remand to the trial court for resentencing. As this court has stated before, while a remand under these circumstances for what most likely will be a rote recitation of the omitted words appears to serve no real purpose, especially since the missing statutory language as cited above can arguably be inferred from the trial court's statements at sentencing, unless the General Assembly acts to amend the language of
{¶ 24} R.C. 2929.14(E)(4) or otherwise clarify the sentencing guidelines, trial judges must follow the technical and strict requirements of the relevant statutes by reciting certain language at each sentencing hearing pursuant to Comer, supra.
{¶ 25} Accordingly, we find appellant's second assignment of error well-taken. Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. This matter is remanded to said court for resentencing in conformity with this decision. Appellee is ordered to pay the costs of this appeal for which sum judgment is rendered against appellee on behalf of Lucas County, and for which execution is awarded. See App.R. 24.
Judgment affirmed in part and reversed in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J. concur.