DECISION AND JUDGMENT ENTRY
{¶ 1} This cause comes on appeal from the Lucas County Court of Common Pleas, which sentenced appellant, Sam Bittner, to 12 months incarceration for disrupting public services, a violation of R.C. 2909.04(A)(3) and (C), a felony of the fourth degree. Appellant had pled no contest to the indictment. Appellant, while incarcerated for a prior offense, disabled and damaged a sprinkler head in the institution. The institution's internal board ordered appellant to pay restitution for the damage in the amount of $42.
 {¶ 2} The trial court ordered the 12 month sentence to run consecutively to a "prison term presently being served" at the time of sentencing. From that sentence, appellant now raises the following assignment of error:
 {¶ 3} "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES BECAUSE IT FAILED TO MAKE THE NECESSARY FINDINGS OF FACT AS REQUIRED BY LAW."
 {¶ 4} A trial court's sentence will not be disturbed unless there is clear and convincing evidence that the sentence is contrary to law. R.C. 2953.08(G)(2)(b); State v. Stern (2000), 137 Ohio App.3d 110, 114. Clear and convincing evidence must "`produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" State v. Bay (2001), 145 Ohio App.3d 402, 405, quotingCross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The record to be examined by a reviewing court includes the presentence investigative report, the trial court record, and any sentencing hearing statement. R.C. 2953.08(F)(1)-(3).
 {¶ 5} We look to the record to determine whether the sentencing court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record supporting those findings; and (4) properly applied the statutory guidelines. SeeState v. Comer (2003), 99 Ohio St.3d 463. "Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." In re Mental Illness of Thomas
(1996), 108 Ohio App.3d 697, 700.
 {¶ 6} At sentencing, after hearing arguments from the state and hearing appellant's arguments and statement, the trial court addressed appellant and made the following findings:
 {¶ 7} "* * * There is a number of things that strike the Court about this. As [appellant's counsel] said, you're already serving a significant amount of time for behavior that is obviously inappropriate for society. Having been placed in that position, having been placed in the institution, one would think that — and having been punished for institutional infractions, one would think that you wouldn't be doing things to get yourself in more trouble, and to act out of anger, and apparently wasn't the first time.
 {¶ 8} "And I understand what you say about others. Those others aren't before me. That's not what I'm dealing with. I'm dealing simply with you and why you did this and what the cause and effect of that is, and it isn't just a sprinkler head. I mean, it's not just a sprinkler head. [Appellant's counsel] was right in one regard. This had the potential — and while it didn't happen, it had the potential of causing a lot of problems, and that's what I'm dealing with. * * * What I look at the purposes of sentencing, the law says I'm supposed to protect the public and punish the defendant.
 {¶ 9} "Is there a deterrent effect? I don't know. I suppose one could argue that by imposing punishment on you for this behavior maybe it will deter others in the institution, because my guess is that this sentence will get passed around, whether you're there or not.
 {¶ 10} "I think in this situation, in this confined situation there is a deterrent effect, and I'm not going to impose the maximum, but the sentence I'm going to impose is going to be consecutive to the time you're serving. You need to know that you and others in this situation that have the grapevine can't engage in this kind of behavior that potentially could put a population, entire population in danger.
 {¶ 11} "And as you pointed out in your presentence report, you've done this on three or four other occasions. That's not before me, but what's happening here and what you said, this is a practice that seems to go on. Somebody ought to put a stop to it or at least a beginning to it, because it does create a dangerous situation.
 {¶ 12} "* * * I've looked at the record, considered all the principles and purposes of sentencing. I've looked at the presentence report. This Court finds that the defendant has been convicted of disrupting public services and finds pursuant to 2929.14(B) that he is serving a prison term, and the Court finds he's not amenable to community control, and it's therefore ordered that he serve a term of 12 months in the Ohio Department of Rehabilitations.
 {¶ 13} "That sentence will be ordered served consecutively to the one presently being served, the Court finding that the defendant was under a sentence at the time in the institution. His criminal history requires consecutive sentences. The Court finds that the situation created by the defendant is one of potential danger, and the Court believes that a consecutive sentence will send an appropriate message to those in the institution that this isn't activity that's appropriate."
 {¶ 14} The trial court's imposition of a consecutive sentence was contrary to law. "A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. R.C. 2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Id. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c)." State v. Comer (2003), 99 Ohio St.3d 463,466.
 {¶ 15} The trial court found that appellant was incarcerated at the time of the instant offense. Additionally, the trial court found the first factor, in that consecutive sentences would protect the public from future crime due to the sentence's deterrent effect. These findings do not establish the second statutory factor — that the sentence was not disproportionate to the seriousness of appellant's conduct and to the danger appellant poses to the public. While the trial court stated ample reasons in support of the deterrent effect it hoped to have on the inmate population from disabling sprinkler heads, there was no statement indicating the trial court's consideration of proportionality. We have stated before that "strict technical compliance with R.C. 2929.14(E)(4) is required by Comer, supra, for imposition of consecutive sentences * * *." State v. Townsend, 6th Dist. No. L-04-1158, 2005-Ohio-3209, at ¶ 23.
 {¶ 16} In addition to failing to find proportionality, the trial court failed to find the third statutory factor. Specifically, the trial court erred in relying on the finding that "the defendant was under a sentence at the time in the institution." The fact that appellant was incarcerated at the time of the offense does not — standing alone — support any of the requirements of R.C. 2929.14(E). R.C. 2929.14(E) requires that, in addition to the first two stated criteria, the trial court find one of the following:
 {¶ 17} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 18} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 19} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(a)-(c).
 {¶ 20} By finding that appellant was incarcerated at the time of the offense, the trial court was plainly not finding that subsection (c) was met. Subsection (c) requires the trial court to not only find that the offender has a history of criminal conduct, but that his history demonstrates that protecting the public from future crime warrants consecutive sentences. Therefore, contrary to appellee's argument, the trial court did not find subsection (c) applicable.
 {¶ 21} More curiously, appellant accepted that a finding that he was incarcerated at the time of the offense satisfies subsection (a). We do not agree that the trial court found subsection (a) applicable; it is not clear at all that (a) was meant to cover situations where the offense occurred during an offender's incarceration for a prior felony offense. The General Assembly explicitly limited subsection (a) to apply to those offenses committed (1) while awaiting trial or sentencing, (2) under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or (3) under post-release control.
 {¶ 22} Appellant's presentence investigation report indicates that he has been incarcerated since 1998; although the report does not clearly specify on which convictions he is incarcerated, appellant's counsel stated at the hearing that he is serving "a rather lengthy sentence." R.C. 2929.16 governs "residential sanctions" and "community residential sanctions." These include:
 {¶ 23} "(1) A term of up to six months at a community-based correctional facility that serves the county;
 {¶ 24} "(2) Except as otherwise provided in division (A)(3) of this section and subject to division (D) of this section, a term of up to six months in a jail;
 {¶ 25} "(3) If the offender is convicted of a fourth degree felony OVI offense and is sentenced under division (G)(1) of section 2929.13 of the Revised Code, subject to division (D) of this section, a term of up to one year in a jail less the mandatory term of local incarceration of sixty or one hundred twenty consecutive days of imprisonment imposed pursuant to that division;
 {¶ 26} "(4) A term in a halfway house;
 {¶ 27} "(5) A term in an alternative residential facility." R.C. 2929.16(A)(1)-(5).
 {¶ 28} From the record, it does not appear that R.C. 2929.16 covers appellant's current incarceration.
 {¶ 29} R.C. 2929.17 governs "nonresidential sanctions," which includes, but is not limited to "day reporting," "house arrest," "community service," "drug treatment program," "probation," "monitored time," "curfew terms," etc. Appellant's current incarceration clearly does not fall within R.C. 2929.17's purview. Neither does it fall within the purview of R.C. 2929.18, which governs financial sanctions and restitution.
 {¶ 30} Finally, as appellant is incarcerated, he was not on "post release control" as contemplated by R.C. 2929.14(E)(4)(a).
 {¶ 31} Thus, the trial court may not solely rely upon such facts of appellant's current incarceration as are before us, in order to establish one of R.C. 2929.14(E)(4)(a)-(c)'s requirements. The failure to find and establish this third and separate necessary requirement constitutes an independent ground for reversal; the lack of this factor renders appellant's consecutive sentence contrary to law. We have not found an appellate case, which, when sentencing a prisoner for an offense committed while incarcerated, relied solely on an offender's current incarceration to establish this criteria for consecutive sentencing. Appellate courts have held, however, that the trial court is still bound to make all the findings, supported by reasons as mandated by Comer, supra, in order to impose a sentence consecutive to one currently being served. See e.g.,State v. Griffith, 4th Dist. No. 00CA2583, 2002-Ohio-6142 (R.C. 2929.14(E)(4) findings necessary in order to overcome the presumption of concurrent sentences pursuant to R.C. 5145.01 and R.C. 2929.41(A)); Statev. Johnson, 11th Dist. No. 2001-A-0043, 2002-Ohio-6570 (overruled byComer to the extent that a trial court may no longer satisfy R.C. 2929.14(E) by expressing findings in its judgment entry). See also Statev. Harrington, 11th Dist. No. 2002-T-0167, 2004-Ohio-4387, at ¶ 25, holding that the "mere reference to appellant's prior offenses is insufficient for a R.C. 2929.14(E)(4)(c) finding."
 {¶ 32} We are aware of at least one appellate decision which did not comment upon the trial court's reliance upon the offender's incarceration for a prior felony prison sentence. In State v. Varner, 11th Dist. No. 2002-A-0083, 2004-Ohio-2790, at ¶ 46, the trial court imposed a sentence consecutively to a current term of incarceration by stating, inter alia, "The Court also finds that [appellant] was under a community sanction at the time in that he was serving a felony prison sentence, and the Court finds that [appellant's] criminal history demonstrates the consecutive sentence is necessary in order to protect the public from future crime." The appellate court did not remark upon the equation of a felony prison sentence with "community sanction." The defendant-appellant in Varner was in prison for a fifth-degree felony at the time of the offense. R.C. 2929.01(F) defines "Community control sanction" as "a sanction that isnot a prison term and that is described in section 2929.15, 2929.16,2929.17, or 2929.18 of the Revised Code or a sanction that is not a jailterm and that is described in section 2929.26, 2929.27, or 2929.28 of the Revised Code." However, the second half of the trial court's compound sentence fulfilled the requirement of R.C. 2929.14(E)(4)(c). Therefore, since the consecutive sentencing requirements were met despite the reference to the defendant's incarceration, the trial court's reference to the defendant's prison term was superfluous.
 {¶ 33} Here, finding error is not superfluous — this error constitutes a separate ground for reversal. The fact that a defendant is incarcerated at the time of the offense cannot — standing alone — support a R.C. 2929.14(E)(4)(a)-(c) requirement. For those reasons, appellant's sentence is contrary to law, R.C. 2953.08(G)(2)(b), and we must find appellant's sole assignment of error well-taken.
 {¶ 34} The judgment of the Lucas County Court of Common Pleas is reversed and this matter is remanded for resentencing in conformity with this decision. Appellee is ordered to pay the costs of this appeal for which sum judgment is rendered against appellee on behalf of Lucas County, and for which execution is awarded. See App. R. 24.
JUDGMENT REVERSED.
Handwork, J., Skow, J., Parish, J., CONCUR.