[Cite as *State v. McClenton*, 2017-Ohio-8361.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2017-A-0019** |
| - vs - | : | |
| GREGORY L. MCCLENTON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CR 00653.

Judgment: Reversed and remanded.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Patricia J. Smith*, 206 South Meridian Street, Suita A, Ravenna, OH 44266 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Gregory L. McClenton, appeals the imposition of a consecutive sentence with an unrelated case following his conviction for assault. As the trial court failed to make necessary findings for consecutive sentences, we reverse and remand for resentencing.

{¶2} In 2015, appellant was convicted of resisting arrest and failure to comply

with a police officer's signal in the Cuyahoga County Court of Common Pleas. Initially, he was placed on community control. After being found guilty of violating the terms of community control, he was sentenced to a three-year prison term.

{¶3} While incarcerated in the Lake Erie Correctional Institution, appellant exited his housing unit without permission. A corrections officer was dispatched to find him. After locating appellant at a recreational facility, the officer coaxed him to return to the housing unit. But, as they were walking toward the unit, appellant was disrespectful to the officer and would not follow his directives. Accordingly, before taking appellant to the officer's station in the unit, the officer conducted a pat-down search.

{¶4} Appellant was ordered to stand still with his hands on a wall. As the officer began the search, appellant tried to turn around and face him, but the officer was able to regain control by placing his hand on appellant's back. When the officer tried to resume the search, appellant removed his hands from the wall, made a fist with his right hand, and threw a punch. The officer easily blocked the punch and pinned appellant against the wall. Appellant was now facing the officer and grabbed the officer in the face/throat area. Since the seriousness of the situation had escalated, a second corrections officer immediately sprayed a substance in appellant's face, causing him to release his hold on the first officer.

{¶5} Appellant was indicted on one count of assault, a third-degree felony pursuant to R.C. 2903.13(A) & (C)(3). Ultimately, appellant pleaded guilty to assault. In exchange, the state recommended that his sentence be limited to twenty-four months.

{¶6} The case immediately proceeded to sentencing. In directly addressing the trial court, appellant said that he was confused during the entire episode leading to the

assault, and that he made a good faith effort to comply with the officer's orders. His trial counsel also asserted that appellant is an Iraqi War veteran who possibly suffers from PTSD, and has previously been diagnosed with schizophrenic disorder. Counsel also noted that, although appellant received medication for his schizophrenia while he was an inmate at the Richland Correctional Institution, he had not received any treatment at the Lake Erie Correctional Institution. The state responded that appellant has been convicted of five criminal offenses between 2009 and 2015, and that he has a history of refusing to comply with orders of police officers.

{¶7} At the close of the hearing, the trial court accepted the state's sentencing recommendation and ordered appellant to serve a twenty-four month prison term consecutive to the three-year term stemming from the Cuyahoga County case. Appellant timely appeals raising one assignment of error:

{¶8} "The trial court erred by sentencing the appellant to serve consecutive sentences without submitting adequate reasons in support pursuant to R.C. 2929.14(C) and specifically considering inaccurate factors."

{¶9} In contesting the imposition of consecutive sentences, appellant primarily argues that the trial court failed to give adequate weight to certain facts tending to show that the nature of his conduct was not so serious as to justify consecutive terms. However, it is unnecessary to address appellant's specific arguments because the trial court's failure to make a required statutory finding for imposition of consecutive prison terms warrants reversal.

{¶10} As assault is not one of the six crimes governed by R.C. 2929.14(C)(2), the parties do not dispute that R.C. 2929.14(C)(4) governs.

3

{¶11} Pursuant to R.C. 2929.14(C)(4), a trial court "may" sentence an offender to consecutive prison terms if it finds that: (1) such terms are "necessary to protect the public from future crime or to punish the offender"; (2) such terms "are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one of three alternative factors exist. The three alternative factors are:

{¶12} "(a) the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, and 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶13} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶14} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶15} During the sentencing, the trial court justified consecutive sentences as follows:

{¶16} "Because this offense occurred while the defendant was an inmate in a state prison facility, and that the victim was a corrections officer at the prison, the Court finds that consecutive sentences are necessary to protect the public from future crimes

4

and to punish the offender, and that a consecutive sentence would not be disproportionate to the seriousness of the offender's conduct and to the danger the defendant poses to the public."

{¶17} The foregoing findings satisfy the first two criteria. But, as to the third requirement of R.C. 2929.14(C)(4), the trial court does not expressly state which of the three alternative factors it is proceeding under. Instead, the trial court only notes that appellant was an inmate when he committed the assault and that the victim was a corrections officer.

{¶18} The trial court did not find that the harm caused by the multiple offenses is so great that the imposition of a single prison term is inadequate to reflect the seriousness of the criminal acts or make reference to appellant's criminal history. Moreover, the trial court's reference to the corrections officer as the victim and appellant's status as a prison inmate fails to satisfy subsection (a).

{¶19} In *State v. Bittner*, 6th Dist. Lucas No. L-04-1240, 2005-Ohio-5251, the defendant was found guilty of disrupting public services for damaging a sprinkler head in a state prison. The court imposed a consecutive sentence, in part, because the defendant was serving a prison term at the facility when he committed that crime. The Sixth Appellate District concluded that defendant's status as an inmate is not sufficient to satisfy alternative (a). *Id.* at ¶21-31.

{¶20} Alternative (a) is satisfied when a defendant is: (1) awaiting trial or sentencing on another offense; (2) under a sanction pursuant to R.C. 2929.16, 2929.17, or 2929.18; or (3) subject to post-release control. The three statutes under the second scenario govern the imposition of residential sanctions; nonresidential sanctions, such

as a drug treatment program; and financial sanctions, none of which are satisfied. Neither appellant's status as inmate nor that his victim was a corrections officer satisfies R.C. 2929.14(C)(4)(a).

**{¶21}** The trial court's findings are insufficient to fulfill any of the alternative factors. To this extent, consecutive sentences are contrary to law. *See* R.C. 2953.08(G)(2).

**{¶22}** Appellant's sole assignment of error has merit. The judgment of the Ashtabula County Court of Common Pleas is reversed, and the case is remanded for resentencing.

TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOLLE, J.,

concur.