OPINION
{¶ 1} Neal D. Yopp appeals from the judgment of the Ashtabula County Common Pleas Court, entered on a jury verdict, which convicted Yopp of one count of aggravated robbery and one count of theft. Yopp also appeals from the trial court's judgment entry of sentence. We affirm in part, reverse in part and remand.
 {¶ 2} On December 30, 2003, at approximately 1:30 p.m., two masked men entered the Andover Bank in Pierpont Township. The two men ordered everyone to the floor. One of the men approached Janet Marcy, a teller, and while pointing a handgun at her, tossed a bag over the counter and ordered her to fill it. Marcy complied and the two men exited the bank, got in a car, and drove off. An audit of the drawer revealed over $5000 was missing.
 {¶ 3} Marguerite Hayner was at the teller window when the two men entered the bank. After the men left the bank, Hayner saw the get-away car and was able to read a partial license plate number. Hayner also described the car as having the back window broken out.
 {¶ 4} Police officers arrived at the bank and began their investigation. Deputy Niemi of the Ashtabula County Sheriff's Office was dispatched to the scene. Niemi was subsequently told a description of the car and checked the area around the bank.
 {¶ 5} As Niemi drove, he saw a car covered with a tarp parked near the corner of 193 and Maple Road. The wind was blowing the tarp off the car and Niemi saw the car matched the description of the get-away vehicle, including the partial license plate number. Niemi also saw fresh tire tracks in the mud, as if the car had been parked there recently.
 {¶ 6} Niemi spoke with Dale York who told him his son, Dale York, owned the car. The elder York told Niemi his son had been there about an hour before but left with a friend in a maroon Oldsmobile.
 {¶ 7} On the afternoon of December 30, Crystal and Mary Harvey of Harvey's auto sales sold a car to the younger York. York picked out the car and decided to buy it without test-driving it. York paid cash for the car. Crystal Harvey testified York arrived at the dealership in a red Oldsmobile and a black male drove the Oldsmobile.
 {¶ 8} Subsequently, Detective Rose of the sheriff's office learned Yopp and Michael Hommes were at the Ashtabula City Police Department with information concerning the bank robbery. Detective Rose interviewed Yopp. Yopp told Detective Rose he had taken his girlfriend to work that morning, returned home to sleep, got up and went to Taco Bell, drove around for some time, then returned home about 1:30 or 2:00 p.m. Yopp told Rose that York had come to his house and he had taken York to Harvey's auto sales, where York purchased a car.
 {¶ 9} Rose also interviewed Michael Hommes. Rose testified there were discrepancies in Yopp's and Hommes's stories.
 {¶ 10} Subsequently, Detective Rose interviewed York. Detective Rose told York that Yopp had told investigators about the car York bought. York then gave Detective Rose a statement confessing to his involvement in the crime and fingering Yopp as the other person involved.
 {¶ 11} Yopp was subsequently indicted on one count of aggravated robbery, R.C. 2911.01(A)(1) and one count of theft, R.C. 2913.02(A)(4). Both charges contained firearms specifications. Yopp pleaded not guilty and the matter proceeded to jury trial. The state subsequently dismissed the firearms specifications. The jury convicted Yopp of both counts. The trial court sentenced Yopp to eight years on the aggravated robbery conviction and sixteen months on the theft conviction, with the sentences to be served concurrently.
 {¶ 12} Yopp filed a timely appeal raising three assignments of error:
 {¶ 13} "[1.] THE APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 14} "[2.] THE TRIAL [COURT] ABUSED ITS DISCRETION BY SENTENCING APPELLANT BASED UPON A FINDING THAT HE COMMITTED THE OFFENSE WHILE IN POSSESSION OF A FIREARM."
 {¶ 15} "[3.] THE TRIAL COURT'S IMPOSITION OF A SENTENCE GREATER THAN THE MINIMUM TERM PERMITTED BY STATUTE BASED UPON FINDINGS NOT MADE BY A JURY NOR ADMITTED BY APPELLANT IS CONTRARY TO LAW AND VIOLATES APPELLANT'S RIGHT TO DUE PROCESS, AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 {¶ 16} In his first assignment of error, Yopp argues the trial court's judgment convicting him of aggravated robbery was against the manifest weight of the evidence. Yopp argues the evidence established that the handgun used in the crime was a toy gun that fired rubber bullets, and thus, not a "deadly weapon" under R.C. 2911.01(A)(1).
 {¶ 17} We may find a verdict is against the manifest weight of the evidence even though legally sufficient evidence supports it. State v. Group, 98 Ohio St.3d 248, 2002-Ohio-7247, at ¶ 76. When we consider a manifest weight argument, we review the entire record, weigh the evidence and reasonable inferences, and consider the credibility of witnesses. Id. at ¶ 77. We then determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial. Id. We exercise this discretionary power only in those exceptional cases where the evidence weighs heavily against conviction. Id.; see, also, State v. Thompkins (1997),78 Ohio St.3d 380, 387.
 {¶ 18} R.C. 2901.11(A) provides:
 {¶ 19} "No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 20} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"
 {¶ 21} R.C. 2923.11 defines "deadly weapon" as, "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."
 {¶ 22} The evidence presented at trial established Yopp pointed a gun at the teller, Janet Marcy. Marcy testified both Yopp and York said, "Do what we say and nobody has to get hurt." Marcy testified the gun looked real.
 {¶ 23} York testified the gun used in the crime was a toy gun that fired rubber pellets.
 {¶ 24} In State v. Vondenberg (1980), 61 Ohio St.2d 285, the Ohio Supreme Court held:
 {¶ 25} "For purposes of establishing the crime of aggravated robbery, a jury is entitled to draw all reasonable inferences from the evidence presented that the robbery was committed with the use of a gun, and it is not necessary that the prosecution prove that the gun was capable of firing a projectile." Id. at syllabus.
 {¶ 26} Further, the fact-finder may infer the defendant had possessed a deadly weapon based on his words and conduct. Statev. McKnight, 2nd Dist. No. 2003 CA 14, 2004-Ohio-1941, ¶ 18.
 {¶ 27} In the instant case, Yopp pointed what appeared to be a gun at Marcy and threatened her. Both Yopp and York were heard to say that no one would be hurt if the victims did as they were told. Yopp clearly used the toy gun as a weapon to coerce his victims to accede to his commands. See, generally, State v.Haskins, 6th Dist. No. E0-1-016, 2003-Ohio-70, upholding aggravated robbery conviction where no weapon seen or recovered;State v. Green (1996), 117 Ohio App.3d 644, 651-652, affirming aggravated robbery conviction where defendant threatened to blow teller's brains out while having large envelope wrapped around hand. Given these facts, we cannot say the jury clearly lost its way, and created a manifest miscarriage of justice.
 {¶ 28} Appellant's first assignment of error is without merit.
 {¶ 29} In his second assignment of error, Yopp argues the trial court erred in sentencing him on the theft conviction and the aggravated robbery conviction.
 {¶ 30} Theft is a fourth degree felony. R.C. 2913.02(B)(2). "For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." R.C.2929.14(A)(4). R.C. 2929.13(B) provides:
 {¶ 31} "(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth * * * degree, the sentencing court shall determine whether any of the following apply:
 {¶ 32} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 33} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 34} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 35} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 36} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 37} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04,2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or2907.34 of the Revised Code.
 {¶ 38} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 39} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 40} "(i) The offender committed the offense while in possession of a firearm.
 {¶ 41} "(2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 42} Here, the trial court's judgment entry states, "The Court finds that the following factor enumerated in R.C.2929.13(B)(1) is present:
 {¶ 43} "(i) the offender committed the offense while in possession of a firearm."
 {¶ 44} The record reveals, and the state concedes, the record does not support a finding under R.C. 2929.13(B)(1)(i). However, the trial court's judgment entry of sentence does find that Yopp "made an actual threat of physical harm to the victim." R.C.2929.13(B)(1)(b). At the sentencing hearing the trial court stated, "The fact that a weapon was used notwithstanding, apparently, some type of a pellet gun that perhaps doesn't qualify under the law as a firearm, still the persons who were the victims of this offense couldn't know that and certainly were placed in extreme fear." Thus, the record supports the imposition of a prison sentence on the theft offense under R.C.2929.13(B)(1)(b) and any error resulting from the trial court's recitation of the R.C. 2929.13(B)(1)(i) factor was harmless.
 {¶ 45} Yopp next argues the trial court erred in its judgment entry of sentence because the record does not support a finding that Yopp "made an actual threat of physical harm to the victim." We disagree. Yopp threatened physical harm to the victim when he led Marcy to believe he had a gun and when he warned no one would be hurt if the victims cooperated.
 {¶ 46} Appellant's second assignment of error is without merit.
 {¶ 47} In his third assignment of error, Yopp contends his sentence runs afoul of the United States Supreme Court's holding in Blakely v. Washington (2004), 124 S.Ct. 2531. Specifically, Yopp contends R.C. 2929.14(B) is unconstitutional, as it requires the trial court to make certain factual findings before imposing more than the minimum sentence. The Ohio Supreme Court recently resolved this issue in Yopp's favor in State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, at paragraphs one and two of the syllabus. Therefore, appellant's third assignment of error has merit.
 {¶ 48} For the foregoing reasons, appellant's first and second assignments of error are without merit; appellant's third assignment of error has merit. The judgment of the Ashtabula County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for resentencing consistent with Foster.
O'Neill, J., Grendell, J., concur.