OPINION
{¶ 1} Appellant, David Harrington, appeals the judgment entered by the Trumbull County Court of Common Pleas. Upon resentencing, Harrington received a total prison term of nineteen years for his convictions for sexual battery.
 {¶ 2} Harrington was indicted on twenty counts of rape, all first-degree felonies in violation of R.C. 2907.02(A)(2) and (B). However, the counts in this indictment were later dismissed, following a nolle prosequi being filed by the state. A bill of information was filed, charging Harrington with twenty counts of sexual battery, all third-degree felonies. Thirteen of these counts related to the first victim and charged Harrington with sexual battery in violation of R.C. 2907.03(A)(5). The remaining seven counts involved the second victim and charged Harrington with sexual battery in violation of R.C. 2907.03(A)(1). Harrington pled guilty to all twenty counts in the bill of information.
 {¶ 3} The trial court sentenced Harrington to one-year prison terms on each of the convictions, to be served consecutively to one another, for a total prison term of twenty years.
 {¶ 4} Harrington appealed his sentence to this court[1]
On appeal, this court reversed the trial court's judgment entry and remanded the matter to the trial court for resentencing. The basis for this court's decision was that the trial court failed to comply with the directives of State v. Comer when imposing consecutive sentences.[2]
 {¶ 5} On remand, the trial court conducted a resentencing hearing. The trial court imposed one-year prison terms for all the convictions. The trial court ordered nineteen of the convictions to be served consecutively with one another. The trial court ordered the prison term for the last offense served concurrently with the other offenses. Thus, Harrington's aggregate sentence is nineteen years.
 {¶ 6} Harrington has timely appealed the trial court's sentencing judgment entry on remand. He raises the following assignment of error:
 {¶ 7} "The trial court erred by imposing consecutive sentences upon appellant."
 {¶ 8} In his assignment of error, Harrington raises issues regarding the United States Supreme Court's opinion in Blakelyv. Washington.[3]
 {¶ 9} The Supreme Court of Ohio has recently addressed the implication of Blakely v. Washington on Ohio's sentencing structure.[4] In State v. Foster, the Supreme Court of Ohio held that "[b]ecause R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional."[5]
 {¶ 10} To remedy the sentencing statutes, the Supreme Court of Ohio severed the unconstitutional portions requiring judicial factfinding.[6]
 {¶ 11} The trial court issued consecutive sentences, which were arrived at via judicial factfinding. Thus, pursuant toState v. Foster, the sentences are unconstitutional.[7]
 {¶ 12} Harrington's assignment of error has merit.
 {¶ 13} We note that Harrington is not challenging the length of his sentences on appeal. He is only challenging the trial court's imposition of the sentences in a consecutive nature. Thus, pursuant to State v. Saxon, we will not disturb the length of the individual sentences imposed by the trial court.[8] The judgment of the trial court is vacated and reversed, and the matter is remanded for resentencing, pursuant to State v. Foster.[9] On remand, the only issue for the trial court is whether the sentences should be served consecutively.
O'Toole, J., concurs, Grendell, J., concurs in judgment only.
[1] State v. Harrington, 11th Dist. No. 2002-T-0167,2004-Ohio-4387.
[2] Id. at ¶ 21-26; see, also, State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165.
[3] Blakely v. Washington (2004), 542 U.S. 296.
[4] State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856.
[5] Id., at paragraph three of the syllabus, followingApprendi v. New Jersey, (2000), 530 U.S. 466, and Blakely v.Washington, supra.
[6] State v. Foster, paragraph four of the syllabus, following United States v. Booker (2005), 543 U.S. 220.
[7] State v. Foster, paragraph three of the syllabus.
[8] State v. Saxon, ___ Ohio St.3d ___, 2006-Ohio-1245, paragraph three of the syllabus.
[9] State v. Foster, at ¶ 104.