OPINION
{¶ 1 Appellant, Neal D. Yopp, appeals from the judgment entry of the Ashtabula County Court of Common Pleas resentencing him to a total term of eight years imprisonment. For the reasons below, we reverse and remand the matter.
 {¶ 2} On December 30, 2003, at approximately 1:30 p.m., two masked men entered the Andover Bank in Pierpont Township. The two men ordered everyone to the *Page 2 
floor. One of the men approached Janet Marcy, a teller, and while pointing a handgun at her, tossed a bag over the counter and ordered her to fill it. Marcy complied and the two men exited the bank, got in a car, and drove off. An audit of the drawer revealed over $5000 was missing.
 {¶ 3} Marguerite Hayner was at the teller window when the two men entered the bank. After the men left the bank, Hayner saw the get-away car and was able to read a partial license plate number. Hayner also described the car as having the back window broken out.
 {¶ 4} Police officers arrived at the bank and began their investigation. Deputy Niemi of the Ashtabula County Sheriffs Office was dispatched to the scene. Niemi was subsequently provided a description of the car and checked the area around the bank.
 {¶ 5} As Niemi drove, he saw a car covered with a tarp parked near the corner of 193 and Maple Road. The wind was blowing the tarp off the car and Niemi saw the car matched the description of the get-away vehicle, including the partial license plate number. Niemi also saw fresh tire tracks in the mud, as if the car had been parked there recently.
 {¶ 6} Niemi spoke with Dale York who told him his son, Dale York, owned the car. The elder York told Niemi his son had been there about an hour before but left with a friend in a maroon Oldsmobile.
 {¶ 7} On the afternoon of December 30, Crystal and Mary Harvey of Harvey's Auto Sales sold a car to the younger York. York picked out the car and decided to buy *Page 3 
it without test-driving it. York paid cash for the car. Crystal Harvey testified York arrived at the dealership in a red Oldsmobile and a black male drove the Oldsmobile.
 {¶ 8} Subsequently, Detective Rose of the sheriffs office learned appellant and Michael Hommes were at the Ashtabula City Police Department with information concerning the bank robbery. Detective Rose interviewed appellant. Appellant told Detective Rose he had taken his girlfriend to work that morning, returned home to sleep, got up and went to Taco Bell, drove around for some time, then returned home about 1:30 or 2:00 p.m. Appellant told Rose that York had come to his house and he had taken York to Harvey's Auto Sales, where York purchased a car.
 {¶ 9} Rose also interviewed Michael Hommes. Rose testified there were discrepancies in appellant's and Hommes's stories. Subsequently, Detective Rose interviewed York. Detective Rose advised York that appellant had told investigators about the car York bought. York then gave Detective Rose a statement confessing to his involvement in the crime and implicating appellant as the other person involved.
 {¶ 10} Appellant was subsequently indicted on one count of aggravated robbery, R.C. 2911.01 (A)(1) and one count of theft, R.C. 2913.02(A)(4). Both charges contained firearms specifications. Appellant pleaded not guilty and the matter proceeded to jury trial. The state subsequently dismissed the firearms specifications. The jury convicted Yopp of both counts. The trial court sentenced appellant to eight years on the aggravated robbery conviction and sixteen months on the theft conviction, with the sentences to be served concurrently. Appellant appealed and, in State v. Yopp, 11th Dist. No. 2005-A-0001,2006-Ohio-1682, this court affirmed appellant's convictions but *Page 4 
reversed and remanded the matter for resentencing pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Appellant appeals the trial court's judgment entry resentencing him and asserts four assignments of error for our review.
 {¶ 11} Appellant's first assignment of error states:
 {¶ 12} "The trial court's imposition of a sentence greater than the minimum term permitted by statute based upon findings not made by a jury nor admitted by appellant is contrary to law and violates appellant's right to a trial by jury and due process, as guaranteed by the Sixth andFourteenth Amendments to the United States Constitution."
 {¶ 13} Under his first assignment of error, appellant initially asserts the trial court violated Foster when it found "the minimum sentence would demean the seriousness of the defendant's conduct and its impact on the victim and would not adequately protect the public from future crime by the defendant because the defendant made an actual threat of physical harm to the victim." Appellant asserts that the foregoing determination is substantively equivalent to the statutory findings under R.C. 2929.14(B) and thus violate the Supreme Court's holding in Foster. We disagree.
 {¶ 14} In Foster, the Supreme Court of Ohio held that R.C. 2929.14(B),2929.14(C), 2929.14(E)(4), and R.C. 2929.19(B)(2) violate a defendant'sSixth Amendment right to a jury trial by requiring a court to make particular findings before imposing more-than-the-minimum, the maximum, or consecutive sentences. Foster, supra. By way of remedy, the court simply excised the offending provisions from Ohio's felony sentencing scheme. Post-Foster, a trial court is no longer required to make *Page 5 
findings before imposing a felony sentence. Rather, a trial court may, in its discretion, impose any sentence (or sentences) so long as it is within the available punitive range defined under R.C. 2929.14(A). Furthermore, the court may, in its discretion, choose to support its sentence by setting forth its reasons for selecting the sentence imposed. If it so chooses, this exercise does not violateFoster because the court's justification is no longer a condition precedent to imposing the selected sentence but merely a function of the court's discretion.
 {¶ 15} Here, the court's comment that the minimum term would demean the severity of appellant's actions and not adequately protect the public from future crime echoes the language of former R.C. 2929.14(B). However, the trial court's use of this familiar language did not imply it was engaging in impermissible judicial factfinding. The comment was offered to provide insight into why the court selected the sentence it ultimately imposed. Post-Foster, a court enjoys the discretion to impose any sentence within the range set forth in R.C. 2929.14(A) and, by implication, possesses the discretion to set forth its justification for selecting the specific sentence.
 {¶ 16} Appellant next argues that he was somehow entitled to the shortest prison term for his convictions. Appellant's argument is premised upon an application of a now defunct presumption for the shortest prison term set forth in former R.C. 2929.14(B).
 {¶ 17} Former R.C. 2929.14(B) provided:
 {¶ 18} "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender the court shall impose the shortest *Page 6 
term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 19} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 20} "(2) "The court finds on the record that the shortest term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 21} Prior to Foster, a defendant who had not served a prior prison term was afforded a presumption in favor of the shortest prison term.[1] However, Foster declared this statutory subsection unconstitutional. Post-Foster, a court is no longer required to engage in the factfinding exercise mandated by former R.C. 2929.14(B) and, by implication, a defendant who has served no prior prison term is no longer afforded the presumption of the shortest prison term. Post-Foster, a court is vested with the discretion to sentence a felony defendant to any sentence allowable by law under R.C. 2929.14(A). Therefore, the trial court did not err in sentencing appellant to more-than-the-minimum for his convictions.
 {¶ 22} Appellant's first assignment of error is without merit.
 {¶ 23} We shall next address appellant's third assignment of error, which provides: *Page 7 
 {¶ 24} "Appellant's resentencing violates his right to due process and against the ex post fact application of law, as State v. Foster
subjected appellant to an effective raise in the presumptive sentences for a first-time offender and those convicted of fourth degree felonies to the statutory maximum."
 {¶ 25} Under this assigned error, appellant asserts Foster undermines due process by violating the prohibition against ex post facto laws. We disagree.
 {¶ 26} This court has previously rejected appellant's ex post facto challenge in State v. Elswick, 11th Dist. No. 2006-L-075,2006-Ohio-7011. In Elswick, this court determined Foster did not undermine federal or state constitutional guarantees of due process as they relate to the prohibition against ex post fact laws since: (1) it did not affect a defendant's right to a sentencing hearing; (2) it did not alter the statutory range of sentences available to a trial court for any particular felony crime; and, (3) because the judicial determination of S.B. 2's unconstitutionality was prefigured by the United States Supreme Court in Apprendi v. New Jersey (2000),530 U.S. 466 and Blakely v. Washington (2004), 542 U.S. 296. Elswick at ¶ 21-25
 {¶ 27} This same argument has also been consistently rejected by other Ohio appellate districts and federal courts. See State v. Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860; United States v. Portillo-Quezada (C.A. 10 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 28} Here, appellant was convicted of aggravated robbery, a felony of the first degree, and grand theft, a felony of the fourth degree. Pursuant to R.C. 2929.14(A), the *Page 8 
former conviction subjected appellant to a possible term of imprisonment of ten years and the latter subjected him to a possible term of eighteen months. The trial court, in its discretion, determined appellant should serve eight years imprisonment for his aggravated robbery conviction and sixteen months for his grand theft conviction, each to be served concurrently with one another. The prison terms were within the range set forth under R.C. 2929.14(A) and we find nothing arbitrary or unreasonable in the court's decision. Appellant's third assignment of error lacks merit.
 {¶ 29} We shall next consider appellant's fourth assignment of error, which reads:
 {¶ 30} "Appellant's resentencing, pursuant to State v. Foster, violates his right to due process through the deprivation of a liberty interest, as [sic] subjected appellant to an effective raise in the presumptive sentences for a first-time offenders [sic] and those convicted of fourth degree felonies to the statutory maximum."
 {¶ 31} Appellant asserts his resentencing was unconstitutional because it deprived him of a liberty interest without due process of law. In support, appellant relies upon Hicks v. Oklahoma (1980), 447 U.S. 343.
 {¶ 32} In Hicks, the defendant was convicted of trafficking heroin. Under Oklahoma law, a convicted defendant is entitled to have his punishment fixed by the jury. Since he had been convicted of felony offenses twice within the preceding 10 years, the jury was instructed, in accordance with Oklahoma's habitual offender statute then in effect, that, if they found the defendant guilty they "shall assess [the] punishment *Page 9 
at forty (40) years imprisonment." Id. at 344-345. The jury returned a verdict of guilty and imposed the mandatory 40-year term.
 {¶ 33} Subsequent to his conviction, Oklahoma's habitual offender statute was declared unconstitutional. On appeal, therefore, the defendant sought to have his 40-year sentence set aside. The court acknowledged the unconstitutionality of the statute but nevertheless affirmed the defendant's conviction and sentence. The court reasoned that the defendant was not prejudiced by application of the unconstitutional statute because his sentence was within the range of punishment that could have been imposed by the jury.
 {¶ 34} The United States Supreme Court reversed the state court's determination, holding that affirming the conviction and sentence deprived the defendant of a liberty interest without due process of law. Id. at 347. The Court observed that the defendant had a liberty interest in having the jury fix his sentence and, as such, possessed "a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion * * *." Id. at 346. The Court reasoned that the state court "denied the petitioner the jury sentence to which he was entitled under state law, simply on the frail conjecture that a jurymight have imposed a sentence equally as harsh as that mandated by the invalid habitual offender provision. Such an arbitrary disregard of petitioner's right to liberty is a denial of due process of law." Id.
 {¶ 35} Using Hicks as a guide, appellant asserts he possessed and retained an overriding liberty interest in the sentencing elements and procedures set forth in R.C. *Page 10 2929.14(B), particularly the presumption in favor of the shortest prison term. However, post-Foster, a trial court is vested with the discretion to impose any sentence within the ranges set forth in R.C. 2929.14(A) without utilizing the statutorily prescribed procedures. Thus, appellant concludes the Ohio Supreme Court, through Foster, deprived him of his liberty without due process of law. We believe appellant's application of Hicks is unpersuasive.
 {¶ 36} In Hicks, Oklahoma afforded a defendant an absolute statutory right to a sentence imposed by a jury. In affirming the sentence, the state court clearly ignored this statutory right and thereby violated that defendant's right to due process. To the contrary, a felony defendant in Ohio has never enjoyed an absolute right to the shortest prison term. While former R.C. 2929.14(B) afforded a felony defendant who had not served a prior prison term a presumption in favor of the minimum term, this presumption did not confer an absolute statutory right to the minimum term. As appellant never possessed the statutory right to the shortest prison term, Foster did not infringe upon a vested liberty interest.
 {¶ 37} While Foster affected the procedural means by which Ohio's sentencing courts now impose their selected punishments, the substantive statutory sentencing ranges remain intact. Under Ohio law, both prior to and after Foster, a felony defendant is on notice of the range of punishments to which he or she may be subject upon indictment. See R.C.2929.14(A). Therefore, we hold Foster has no meaningful impact upon a defendant's substantial and legitimate expectations regarding the deprivation of liberty he may suffer at sentencing. *Page 11 
 {¶ 38} Appellant's fourth assignment of error is overruled.
 {¶ 39} Lastly, we shall address appellant's second assignment of error, which states:
 {¶ 40} "The trial court erred by failing to notify appellant pursuant to R.C. 2929.19(B)(3) at the time of sentencing that he will be subject to post release control pursuant to R.C. 2967.28."
 {¶ 41} A review of the record demonstrates that the trial court failed to advise appellant that he will be subject to postrelease control sanctions at his resentencing.
 {¶ 42} In State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, the Supreme Court of Ohio determined that a trial court's failure to properly notify an offender about postrelease control renders a sentence void. Id. at ¶ 25. In particular, the statute governing sentencing hearings, R.C. 2929.19, requires a trial court when sentencing a felony offender to a prison term, to notify the offender about postrelease control both at the hearing and by incorporating it into its sentencing entry. Jordan, supra, at paragraph one of the syllabus; see, also, R.C.2929.19(B)(3)(c) and (d); State v. Beasley (1984), 14 Ohio St.3d 74, 75. (holding "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void.") Furthermore, "[w]hen a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." Jordan, supra, at paragraph two of the *Page 12 
syllabus. A trial court is obligated to follow these dictates regardless of whether the term of post-release control is mandatory or discretionary under R.C. 2967.28. Hernandez v. Kelly,108 Ohio St.3d 395, 2006-Ohio-126, at ¶ 18.
 {¶ 43} Here, at resentencing, the trial court sentenced appellant to a prison term of eight years for aggravated robbery, a felony of the first degree, and sixteen months for grand theft, a felony of the fourth degree. Pursuant to R.C. 2967.28(A)(1) and (C), the trial court was required to notify appellant at the sentencing hearing that he was subject to post release control following his release from prison and incorporate that notice into its journal entry imposing sentence. Because the trial court failed to so inform appellant at the hearing, the sentence is void and must be reversed for resentencing pursuant toJordan[2]
 {¶ 44} Appellant's second assignment of error has merit.
 {¶ 45} For the foregoing reasons, appellant's first, third, and fourth assignments of error are overruled, but his second assignment of error is sustained. As a result, the judgment of the Ashtabula County Court of Common Pleas must be reversed and the matter remanded for resentencing.
DIANE V. GRENDELL, J., concurs,
COLLEEN MARY OTOOLE, J., concurs in judgment only.
[1] As shall be discussed in our analysis of appellant's fourth assignment of error, infra, this presumption in favor of the minimum sentence is not tantamount to an entitlement to the minimum sentence. The former presumption was not absolute and was subject to rebuttal through the factfinding process set forth under R.C. 2929.14(B)(2).
[2] The state argues that R.C. 2929.191 authorizes the trial court to correct the omission at issue via a nunc pro tunc entry at any time prior to the defendant's release from prison. Actually, R.C.2929.191(A)(1) and (C) unequivocally provide that any trial court wishing to make such a correction may not do so until it has first conducted a hearing. See, e.g., State v. Leonard, 11th Dist. No. 2006-A-0064, 2007-Ohio-1545, at ¶ 14. *Page 1