OPINION
{¶ 1} Appellant, David Harrington, appeals from the sentencing entry of the Trumbull County Court of Common Pleas sentencing him to consecutive one year terms of imprisonment on twenty counts of sexual battery, nineteen of which to run consecutively with one another.
 {¶ 2} On May 29, 2002, as a result of allegations that appellant had been having sexual intercourse with his son and his son's friend, appellant was indicted on twenty counts of rape, felonies of the first degree, in violation of R.C. 2907.02(A)(2) and (B). *Page 2 
On October 28, 2002, appellant entered a plea of guilty to twenty counts of sexual battery, felonies of the third degree. Thirteen of the counts were charged as violations of R.C. 2907.03(A)(5), i.e., sexual conduct with a person's natural child. The remaining seven counts were charged as violations of R.C. 2907.03(A)(1), i.e., sexual conduct while the offender knowingly coerces the other party to submit by any means that would prevent resistance by a person of ordinary resolution.
 {¶ 3} A pre-sentence investigation report was ordered and appellant appeared for sentencing on November 7, 2002. Prior to sentencing, the court conducted a sexual predator hearing wherein appellant was labeled a sexual predator. During the sexual predator hearing, the court was formally notified, inter alia, that appellant had been previously convicted of sexual imposition in 1983.
 {¶ 4} During the sentencing hearing, appellant's brother and sister petitioned the court for leniency underscoring the fact that the siblings were abused as children and, although children's services was notified of the abuse, the agency did nothing. Alternatively, appellant's son, one of the victims in the case, and appellant's wife made statements as to why appellant's sentence should be harsher.
 {¶ 5} The state recommended an aggregate sentence of twenty years incarceration while appellant's counsel requested sentencing with an aggregate term of five, six, seven, or eight years. The court accepted the state's recommendation and sentenced appellant to twenty consecutive one-year prison terms.
 {¶ 6} In State v. Harrington, 11th Dist. No. 2002-T-0167,2004-Ohio-4387, this court reversed appellant's sentence and remanded the matter for resentencing for the trial court's failure to follow the dictates of State v. Comer, 99 Ohio St.3d 463, 2003- *Page 3 
Ohio-4165. On remand, the trial court conducted a resentencing hearing after which it again imposed one-year prison terms for all appellant's convictions. The trial court ordered nineteen of the convictions to be served consecutively with one another. The trial court ordered the prison term for the last offense to be served concurrently with the other offenses. Thus, after resentencing, appellant's aggregate sentence was nineteen years.
 {¶ 7} In State v. Harrington, 11th Dist. No. 2004-T-0146,2006-Ohio-1874, this court again reversed the trial court's sentence in light of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and remanded the matter for resentencing. On October 19, 2006, the trial court again held a resentencing hearing and resentenced appellant to the same aggregate nineteen year term that it had previously imposed on December 6, 2004.
 {¶ 8} Appellant now appeals and asserts two assignments of error. Appellant's first assigned error asserts:
 {¶ 9} "The trial court erred by relying on the void provisions of R.C.2929.14(E)(4) when it imposed consecutive sentences upon [a]ppellant."
 {¶ 10} Appellant argues that the trial court engaged in improper judicial factfinding when it relied upon the unconstitutional and severed provisions of former R.C. 2929.14(E)(4) in sentencing him to consecutive terms of imprisonment. We disagree.
 {¶ 11} We initially point out that appellant did not level an objection with the trial court regarding his sentence. Now, on appeal, appellant claims that the sentence violated his rights under the Sixth Amendment pursuant to Blakely v. Washington (2004), 542 U.S. 296 andFoster. In State v. Payne, 114 Ohio St.3d 502, 2007-Ohio- *Page 4 
4642, the Supreme Court of Ohio held the failure to object in the trial court forfeits an alleged Blakely/Foster error for purposes of appeal when the sentencing occurred after the announcement in Blakely.Payne at ¶ 31.
 {¶ 12} Although the terms are often conflated, the Court pointed out a fundamental analytic difference between a forfeiture and a waiver: "Waiver is the intentional relinquishment or abandonment of a right, and waiver of a right `cannot form the basis of any claimed error under Crim.R. 52(B)'" Id. at ¶ 23, quoting State v. McKee, 91 Ohio St.3d 292,299, 2001-Ohio-41. Alternatively, a party forfeits an issue on appeal by failing to timely assert his or her rights by way of an objection. Id. at ¶ 23. However, "`a mere forfeiture does not extinguish a claim of plain error under Crim.R. 52(B).'" Id, quoting McKee, supra.
 {¶ 13} According to Payne, the issues before us were forfeited. Therefore, we shall analyze appellant's assigned error for plain error. There are three limitations placed on a reviewing court for correcting a plain error:
 {¶ 14} "`First, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. * * * Third, the error must have affected "substantial rights." We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.'" Id. at ¶ 16, quoting, State v. Barnes, 94 Ohio St.3d 21, 27,2002-Ohio-68.
 {¶ 15} An appellate court's power to notice plain error will be exercised only under "the most exceptional circumstances, and with great caution." State v. Hill, 11th Dist. No. 2005-A-0010, 2006-Ohio-1166, at ¶ 32. *Page 5 
 {¶ 16} In Foster, supra, the Supreme Court of Ohio held that R.C.2929.14(B), 2929.14(C), 2929.14(E)(4), and R.C. 2929.19(B)(2) violate a defendant's Sixth Amendment right to a jury trial by requiring a court to make particular findings before imposing more-than-the-minimum, the maximum, or consecutive sentences. Foster, supra. By way of remedy, the court simply excised the offending provisions from Ohio's felony sentencing scheme. Post-Foster, a trial court is no longerrequired to make findings before imposing a felony sentence. Rather, a trial court may, in its discretion, impose any sentence (or sentences) so long as it is within the available punitive range defined under R.C.2929.14(A). Furthermore, the court may, in its discretion, choose to support its sentence by setting forth its reasons for selecting the sentence imposed. If it so chooses, this exercise does not violateFoster because the court's justification is no longer a condition precedent to imposing the selected sentence but merely a function of the court's discretion.
 {¶ 17} In the instant matter, the trial court did justify its imposition of consecutive sentences using language roughly equivalent to former R.C. 2929.14(E)(4). However, the court did not cite the now void statute, nor did it intimate the language was sine qua non for imposing the selected sentence. In State v. Yopp, 11th Dist. No. 2006-A-0042,2007-Ohio-3848, this court addressed this same issue in the context of former R.C. 2929.14(B), the bygone, now defunct, statute enabling a trial court to sentence a defendant to "more-than-the-minimum." In that case, we stated:
 {¶ 18} "* * * the court's comment that the minimum term would demean the severity of appellant's actions and not adequately protect the public from future crime echoes the language of former R.C. 2929.14(B). However, the trial court's use of this *Page 6 
familiar language did not imply it was engaging in impermissible judicial factfinding. The comment was offered to provide insight into why the court selected the sentence it ultimately imposed. Post-Foster, a court enjoys the discretion to impose any sentence within the range set forth in R.C. 2929.14(A) and, by implication, possesses the discretion to set forth its justification for selecting the specific sentence." Yopp, supra, at ¶ 15.
 {¶ 19} Our reasoning in Yopp applies with equal force to R.C.2929.14(E)(4). Although the trial court utilized the language of R.C.2929.14(E)(4), this does not imply it was engaging in impermissible judicial factfinding. Rather, the court chose the language to provide some basic insight into the exercise of its considerable discretion on resentencing. As the factors set forth in R.C. 2929.14(E)(4) are no longer necessary for imposing consecutive sentences, their recitation does not unconstitutionally increase a defendant's sentence beyond the statutory maximum. As we see no plain error in the trial court's determination, appellant's first assignment of error is overruled.
 {¶ 20} Appellant's second assignment of error claims:
 {¶ 21} "The trial court erred as a matter of law and abused its discretion by imposing consecutive sentences upon [a]ppellant."
 {¶ 22} Under his second assignment of error, appellant contends the trial court erred in imposing consecutive sentences upon appellant because there was no evidence in the record demonstrating "(1) the harm caused by the defendant's offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct, or (2) that the defendant had a criminal history." We disagree. *Page 7 
 {¶ 23} During the resentencing hearing, the trial court stated it considered the record, oral statements, and victim impact statements in imposing sentence. The presentence investigation report includes statements by the victims, appellant's 16 year old son and his 17 year old friend, regarding the manner in which appellant solicited and, in various cases, compelled them to provide him with sexual favors or gratify him sexually. The victims asserted appellant provided them with alcohol and regularly showed them male homosexual pornography on his computer. They stated appellant would attempt to undress them and, if they resisted, appellant would become forceful. The record indicates appellant continued this pattern of behavior for five days a week for nearly a year. Appellant's son stated appellant threatened to kill him if he told anyone about the encounters. Moreover, the friend confessed the episodes made him feel "helpless." In his voluntary statement, appellant admitted he knew it was against the law to have sex with minors but believed the encounters with his son and the friend were permissible because, in his estimation, they were consensual.
 {¶ 24} The record also contains a victim impact statement from the friend stating the appellant's actions make him leery of people in general and, when he thinks about the episodes, he becomes depressed.
 {¶ 25} Finally, appellant had a criminal history, viz., two DU Is and one conviction for gross sexual imposition. Although this history is not quantitatively lengthy, it is a history nonetheless. Moreover, appellant's past conviction on a sexually oriented offense is particularly significant when viewed in light of his convictions on twenty counts of sexual battery, the instant matter. When considered as a whole, appellant's *Page 8 
history of criminal sexual activity was worthy of attention and was appropriately considered in imposing sentence in the instant matter.
 {¶ 26} With this in mind, we hold the trial court's foundational statements are supported by the record. Therefore, the trial court did not commit plain error when it imposed its sentence based upon the conclusions set forth in the transcript of the resentencing hearing.
 {¶ 27} Appellant's second assignment of error is without merit.
 {¶ 28} For the reasons set forth above, appellant's two assignments of error are overruled and the sentencing entry of the Trumbull County Court of Common Pleas is hereby affirmed.
COLLEEN MARY OTOOLE, J., concurs,
 DIANE V. GRENDELL, J., concurs in judgment only. *Page 1