JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Juan Ruiz ("appellant") appeals his sentence from the Cuyahoga County Court of Common Pleas. For the reasons set forth below, we affirm.
 {¶ 2} On August 10, 2007, appellant pled guilty to rape, in violation of R.C. 2907.02(A)(2), attempted aggravated murder, in violation of R.C. 2923.02/2903.01, with one-and three-year firearm specifications, having a weapon while under a disability, in violation of R.C. 2923.13, retaliation, in violation of R.C. 2921.05, and escape, in violation of R.C. 2921.34.
 {¶ 3} On September 19, 2007, the trial court held a sentencing hearing. At the hearing, the facts introduced demonstrated that on or about February 16, 2007, appellant, upset that the victim had ended their relationship, forced his way into the victim's bedroom, held her by knife point, threatened the safety of her family, and then raped her.
 {¶ 4} The victim informed the police of the rape and appellant was arrested and placed in the juvenile detention center. Shortly thereafter, he was released from the center under the control and supervision of the court pending trial. The court ordered electronic home detention and that he have no contact with the victim.
 {¶ 5} On March 5, 2007, appellant, still under the supervision of the court, went to the victim's grandmother's home. When the victim exited the house, appellant, in retaliation for informing the authorities of the rape, approached her with a fully-loaded, sawed-off shotgun and shot her in the face. He then fled the scene, discarded the weapon, and returned home where he showered and threw his clothes in the trash. As a result of the shooting, the *Page 4 
victim suffered severe and permanent injuries.
 {¶ 6} After considering the facts presented, the trial court sentenced appellant to a prison term of 27 years. More specifically, appellant was sentenced to five years imprisonment for the rape conviction and ten years for the attempted aggravated murder conviction. A three-year sentence was also imposed for the one-and three-year firearm specifications, which were merged for purposes of sentencing and were ordered to be served prior to and consecutive to the underlying charge of attempted aggravated murder. Additionally, the trial court imposed a three-year sentence for the retaliation conviction, four years imprisonment for having a weapon while under a disability, and two years for the escape conviction. The court ordered that all these sentences be served consecutive, again for a total of 27 years imprisonment. Finally, the trial court imposed five years of postrelease control and appellant was classified as a sexually oriented offender.
 {¶ 7} Appellant now appeals his sentence and submits one assignment of error for our review. Appellant's sole assignment of error states:
 {¶ 8} "The trial court violated Mr. Ruiz's substantive due process rights under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution when it imposed the maximum sentence for the attempted aggravated murder count, when it imposed more than the minimum sentences on three of the remaining counts, and when it required the sentences to be served consecutively."
 {¶ 9} Here, appellant argues that the trial court violated his due process rights when it *Page 5 
sentenced him pursuant to the Supreme Court of Ohio's decision holding in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. We find appellant's argument unpersuasive.
 {¶ 10} In February of 2006, the Supreme Court of Ohio inFoster, supra, declared unconstitutional and severed those provisions of Ohio's felony sentencing statutes requiring "judicial fact-finding" before imposing more than minimum, maximum, or consecutive sentences. Id. at paragraphs one and three of the syllabus (declaring R.C. 2929.14(B), (C), and (E)(4) unconstitutional). The Foster Court further held that, "[a]fter the severance, judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant" and "before imposition of consecutive prison terms." Id. at paragraphs two and three of the syllabus. Therefore, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 11} Appellant relies on the United States Supreme Court's decision in Hicks v. Oklahoma (1980), 447 U.S. 343, 100 S.Ct. 1117,65 L.Ed.2d 175, and maintains that Senate Bill 2 created a liberty interest in the statutory presumption that the sentences imposed would consist of minimum, nonmaximum or concurrent terms. Thus, when the Supreme Court inFoster severed these provisions and afforded trial courts the discretion to impose any *Page 6 
sentence within the ranges proffered in R.C. 2929.14(A) without using the statutorily prescribed procedures, the court deprived appellant of his liberty interest without due process of law. We find appellant's contentions without merit.
 {¶ 12} Oklahoma law provides a defendant the right to have his punishment determined by a jury. Id. at 345. In Hicks, the trial court instructed the jury, pursuant to Oklahoma's habitual offender statute in effect at the time, that, because the defendant had been convicted of felony offenses twice in the preceding 10 years, should the jury find him guilty of the felony offense in the case, they "shall assess [the] punishment at forty [40] years imprisonment." Id. at 344-345. The jury found the defendant guilty and imposed the 40-year term. Id. at 345.
 {¶ 13} Following the defendant's conviction, Oklahoma's habitual offender statute was rendered unconstitutional. Id. Accordingly, appellant appealed, attempting to have his sentence vacated. Id. In affirming the conviction, the state appellate court determined that the defendant was not prejudiced by the application of the unconstitutional statute because the sentence was within the range that the jury could have imposed upon him. Id.
 {¶ 14} The United States Supreme Court reversed the state court's decision. Id. at 346. The Court determined that the state court's affirmation of defendant's conviction and sentence deprived him of a liberty interest without due process of law. Id. The Court reasoned that the statute mandating a jury determine the defendant's sentence created "a substantial and legitimate expectation that he will be deprived of his liberty only to the extent *Page 7 
determined by the jury in the exercise of its statutory decision * * * ." Id. at 346. The Court concluded that the state court's decision "denied the petitioner the jury sentence to which he was entitled under state law, simply on the frail conjecture that a jury might have imposed a sentence equally as harsh as that mandated by the invalid habitual offender provision. Such an arbitrary disregard of petitioner's right to liberty is a denial of due process of law." Id.
 {¶ 15} Despite appellant's assertions, the decision in Hicks is inapplicable to the instant matter. In Hicks, Oklahoma law provided the defendant an absolute statutory right to a sentence imposed by a jury.State v. Yoppe, Wood App. No. WD-07-084, 2007-Ohio-3848. The state appellate court disregarded that right in affirming the defendant's sentence, and thus, deprived him of due process. Id. In Ohio, however, a defendant has never been entitled to an absolute right to minimum, nonmaximum or concurrent sentences as proposed by appellant in this case. Id. Prior to Foster, R.C. 2929.14(B), (C) and (E)(4) afforded a defendant a mere presumption in favor of minimum, nonmaximum or concurrent sentences, not an absolute entitlement to them. Id.
 {¶ 16} Additionally, "[b]y demanding application of a presumption in favor of a minimum sentence, but not allowing any means by which the presumption can be overcome, `appellant essentially seeks the benefit of a state law that never existed.'" State v. Rosado, Cuyahoga App. No. 88504, 2007-Ohio-2782, quoting State v. Paytner, 5th
Dist. No. CT2006-0034, 2006-Ohio-5542.
 {¶ 17} Moreover, in this case, we note that appellant committed the crimes in which *Page 8 
he was convicted one year after the Foster decision. Accordingly, at the time appellant committed his crimes, appellant did not even have a presumption of minimum, nonmaximum or concurrent sentences. For all the aforementioned reasons, appellant has never possessed a statutory right to the shortest prison term and the trial court's sentence administered pursuant to Foster did not violate his liberty interests.
 {¶ 18} Appellant also relies on Hicks and contends that theFoster remedy deprived him of his liberty interest in the "appellate procedures devised by the General Assembly to [e]nsure compliance with the statutory scheme." A defendant's right to a meaningful appellate review has not been compromised in any way. In State v. Kalish,120 Ohio St.3d 23, 2008-Ohio-4912, the Supreme Court of Ohio articulated a two-step approach in reviewing felony sentences. The Court stated:
 {¶ 19} "In applying Foster to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Kalish, supra at _4.[1]
 {¶ 20} In the instant matter, we find that the trial court complied with all applicable rules and statutes in imposing appellant's sentence, and thus, the sentence was not contrary to *Page 9 
law. First, the trial court sentenced appellant within the statutory ranges provided by R.C. 2929.14. Next, a review of both the sentencing transcript and the judgment entry demonstrates that the trial court considered the principles and purposes of sentencing as required by R.C. 2929.11 and 2929.12 prior to imposing appellant's sentence.
 {¶ 21} In the judgment entry, the trial court stated the following:
 {¶ 22} "The court considered all required factors of law. The court finds that prison is consistent with the purpose of R.C. 2929.11. The purpose of sentencing in a violent felony case is to first and foremost punish the offender for his criminal conduct, deter future harm, protect society from a dangerous criminal, and to send a message to the offender and others like him that there is a high cost to such conduct."
 {¶ 23} The court then examined appellant's criminal conduct and discussed the pertinent factors related to the seriousness of the conduct and the likelihood of recidivism. Accordingly, we find the trial court expressly provided that it considered the purposes and principles of R.C. 2929.11 and R.C. 2929.12.
 {¶ 24} Finally, because the trial court also properly applied postrelease control, we find appellant's sentence was not clearly and convincingly contrary to law.
 {¶ 25} We next consider whether the trial court abused its discretion in sentencing appellant within the permissible range. A review of the record indicates that the trial court carefully examined appellant's criminal conduct, giving consideration to the overriding principles and purposes of sentencing, before imposing a 27-year prison sentence. *Page 10 
 {¶ 26} The court first studied the facts of the rape. The court noted that appellant forced his way into the victim's bedroom, held her by knife point, threatened her family, and then raped her.
 {¶ 27} The court then noted that, in retaliation for informing the authorities of the rape, appellant then planned and orchestrated the premeditated shooting of the victim. Appellant acquired a sawed-off shotgun, stalked the victim, traveled to her grandmother's house, pointed the fully-loaded gun at the victim's face and shot her. He then fled the scene, leaving the victim to die. He discarded the weapon, "casually" returned home, took a shower and threw his clothes and gloves in the trash.
 {¶ 28} When police arrived at appellant's home soon after the shooting, appellant was calm, denied any involvement, provided police with a false alibi, and displayed no remorse for his actions. The court also commented that appellant only demonstrated remorse months after the shooting when the police had acquired a substantial case against him.
 {¶ 29} Additionally, the court noted its concern that appellant could commit such a brutal crime upon a person he claimed to have once loved. In sentencing appellant to the maximum term of imprisonment for the attempted aggravated murder conviction, the trial court observed that the offense was committed with prior calculation and design.
 {¶ 30} The court further pointed out the serious physical and emotional harm inflicted upon the teenage victim both during the rape and the shooting. Finally, the court noticed that, three months prior to the rape, appellant had been arrested for possession of a loaded *Page 11 
firearm at school.
 {¶ 31} After reviewing the record, we conclude that the trial court did not abuse its discretion in sentencing appellant to 27 years imprisonment. Accordingly, appellant's sentence was properly imposed and his sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and MARY J. BOYLE, J., CONCUR
[1] We recognize Kalish is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court is split over whether we review sentences under an abuse-of-discretion standard. *Page 1