[Cite as *State v. Jones*, 2017-Ohio-9020.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105527**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CARDELL JONES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED; REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-610564-A and CR-16-610565-A

**BEFORE:** S. Gallagher, J., Kilbane, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 14, 2017

**ATTORNEY FOR APPELLANT**

Erin E. Hanson
McGinty Hilow & Spellacy Co., L.P.A
The Rockefeller Building, Suite 1300
614 W. Superior Avenue
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:    Carl Mazzone
             Eben McNair
Assistant Prosecuting Attorneys
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1}   Cardell Jones appeals the imposition of consecutive sentences for three sex offenses.   We affirm.

{¶2} The facts are not well developed.   Jones is in his mid-thirties and met the victim when dating and living with the victim's mother.   The victim was under the age of 16 during the time that Jones engaged in a two-and-one-half- year sexual relationship with her, which resulted in the birth of two children.   On those facts, Jones pleaded guilty to two counts of sexual battery under R.C. 2907.03(A)(5), based on the fact that Jones is the victim's natural or adoptive parent, stepparent, guardian, custodian, or person in loco parentis of the victim.   Jones also pleaded guilty to unlawful sexual conduct with a minor under R.C. 2907.04(A).   All counts were felonies of the third degree, subject to a prison term of up to five years.

{¶3} Jones also had an unrelated weapons charge that carried a maximum one-year sentence.   Thus, as part of the plea deal, Jones faced a maximum of 16 years in prison if all terms were imposed consecutive to the others.   At sentencing, Jones contended that a lengthy sentence should not be imposed because he has other children at home.   The trial court considered what was required by law and sentenced Jones to four years on each sex offense, to be served consecutively, and 12 months on the weapons charge to be served concurrently to all other prison terms — resulting in an aggregate prison term of 12 years.  In his sole assignment of error, Jones claims that the consecutive sentencing findings are

not supported by the record because his sexual relationship with the victim was consensual.

**{¶4}** R.C. 2929.14(C)(4) authorizes the trial court to order consecutive sentences if, as is pertinent to this case, consecutive service (1) is necessary to protect the public from future crime or to punish the offender; (2) is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and additionally, (3) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused was so great or unusual that no single prison term for any offense committed adequately reflects the seriousness of the offender's conduct. *State v. Jones*, 8th Dist. Cuyahoga No. 104152, 2016-Ohio-8145, ¶ 5, citing *State v. Smeznik*, 8th Dist. Cuyahoga Nos. 103196 and 103197, 2016-Ohio-709, ¶ 6.

**{¶5}** At the sentencing hearing, the trial court made all the required findings, and Jones is not challenging that aspect of his sentences. Instead, Jones claims that the record does not support the alternative findings under R.C. 2929.14(C)(4)(a)-(c), that the harm caused by the offenses was so great or unusual that no single prison term adequately reflected the seriousness of the offender's conduct under R.C. 2929.14(C)(4)(b) or the offender's history of criminal conduct demonstrates the necessity of consecutive sentences to protect the public from future crime under R.C. 2929.14(C)(4)(c). As will be discussed, the record amply supports the former finding, and therefore, we need not review the latter because any error in that respect would be harmless. Crim.R. 52(A).

Only one of the subdivision (a)-(c) findings is necessary to support consecutive service of prison terms. R.C. 2929.14(C)(4). We do note that the trial court did not include the subdivision (b) finding in the final sentencing entry, so we must remand for the limited purpose of issuing a nunc pro tunc entry to reflect that which occurred at the sentencing hearing. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

{¶6} Jones claims that the two-and-one-half-year incestuous relationship with the victim, who was under the age of 16 during the time, was consensual, so that the finding under R.C. 2929.14(C)(4)(b) — that the harm caused by Jones's conduct was not so great or unusual that no single term adequately reflects the seriousness of Jones's conduct — is not supported by the record. Jones's argument demonstrates that he has failed to comprehend the charges to which he pleaded guilty and the type of conduct that is prohibited by law. Jones pleaded guilty to incestuous conduct with a child under the age of 16.[1] R.C. 2907.03(A)(5). "Consent" would not be considered a mitigating factor or a defense in this case. *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 14 (the incest statute is meant to protect children from adults with authority over them); *State v. Snuggs*, 3d Dist. Henry Nos. 7-16-03 and 7-16-05, 2016-Ohio-5466, ¶ 8.

---

[1]"Incestuous conduct is also included, though defined in broader terms [than] formerly, so as to include not only sexual conduct by a parent with his child, but also sexual conduct by a step-parent with his step-child, a guardian with his ward, or a custodian or person in loco parentis with his charge." 1974 Committee Comment to H 511, R.C. 2907.03.

**{¶7}** Further, even if consent were relevant as a mitigating factor, there is no evidence in the record that the sexual battery offenses involved consensual sexual conduct. The state conceded that the conduct forming the basis of the separate and distinct violation of the unlawful sexual conduct with a minor statute was consensual for the purposes of the registration requirements for that offense, but the record is silent as to the nature of the sexual conduct forming the basis of the sexual battery counts. In the presentence investigation report, Jones claimed that the victim's mother consented to Jones's sexual relationship with the victim. Nothing in the record demonstrates that the victim consented to the sexual conduct underlying the sexual battery counts.

**{¶8}** We cannot clearly and convincingly find that the record does not support the findings under R.C. 2953.08(G). Jones engaged in a prolonged sexual relationship with an underage victim under his care in some capacity, and moreover, he fathered two children for whom the underage victim is responsible. This supports the finding that the harm caused was so great and unusual that no single prison term adequately reflects Jones's conduct under R.C. 2929.14(C)(4)(b). *State v. Clyde*, 6th Dist. Erie Nos. E-16-045 and E-16-048, 2017-Ohio-8205, ¶ 14 (16-year, aggregate term of prison on four counts of sexual battery in violation of R.C. 2907.03(A)(5) affirmed based on the number of offenses committed against the young victim and the defendant's failure to take responsibility for the criminal conduct); *see also State v. Nierman*, 6th Dist. Ottawa No. OT-15-020, 2017-Ohio-672, ¶ 2 (15-year aggregate term on three counts under R.C. 2907.03(A)(5) affirmed); *State v. Harrington*, 11th Dist. Trumbull No. 2006-T-0122,

2007-Ohio-5784, ¶ 26 (20-year, aggregate sentence affirmed for several counts, including violations of R.C. 2907.03(A)(5)).

{¶9} In this case, the victim was under Jones's care, and the criminal conduct repeatedly occurred over a lengthy period of time. Further, Jones did not help his situation when discussing the crimes with the probation department. In the presentence investigation report, it was noted that Jones claimed that "he is only guilty of unlawful sexual contact with a minor and not sexual battery or gross sexual imposition because the victim's mother gave her to him." Jones also expressed his desire to withdraw his plea because he was not guilty of the sexual battery counts to which he pleaded guilty. We cannot clearly and convincingly find that the trial court's findings are not supported by this record. R.C. 2953.08(G).

{¶10} The convictions are affirmed, but the case is remanded for the limited purpose of issuing a nunc pro tunc entry to reflect the R.C. 2929.14(C)(4)(b) finding made during the sentencing hearing.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for correction and execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR